IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:06-CR-370-D |
| | § | |
| SHELVIN LYNN HOLMAN, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION

On May 31, 2007 the court conducted a hearing on the April 27, 2007 motion to suppress the evidence of defendant Shelvin Lynn Holman ("Holman"). At the conclusion of the hearing, the court denied the motion for the reasons stated on the record, and it stated that it would supplement the oral ruling with a written opinion, if necessary. The defendant has been convicted following a jury trial, and the court now supplements its oral ruling with this memorandum opinion.[*]

Holman moves to suppress a firearm, a one hundred dollar bill, and crack cocaine that were seized on June 3, 2006 at an apartment complex located at 3711 Dilido Road, Dallas, Texas, and all statements related to this evidence. He maintains that the evidence should be suppressed because the police did not have a warrant to arrest him or a search warrant to enter his apartment.

The court denies the motion to the extent Holman seeks suppression of the crack cocaine in question, because the government proved by a preponderance of the evidence that it was purchased by Officer Gerardo Huante ("Officer Huante") during a consensual undercover purchase from Holman.

---

[*]This memorandum opinion also includes the court's essential findings. *See* Fed. R. Crim. P. 12(d).

The court denies the motion to the extent Holman seeks to suppress the seizure of the firearm and one hundred dollar bill because Dallas Police Department ("DPD") officers seized the firearm and one hundred dollar bill outside Holman's apartment. The government proved by a preponderance of the evidence that, after Officer Huante made the consensual purchase of crack cocaine from Holman, DPD Officers Paul Deborst ("Officer Deborst") and Matt Banes, both wearing DPD uniforms, traveled to Holman's apartment complex and knocked on the door of Apartment 120. When they received no response, they began walking away. Holman opened the door of his apartment and exited. He and Officer Deborst became involved in an altercation, the specific details of which are disputed but that the court need not completely resolve to deny Holman's motion. The altercation took place in the breezeway, entirely outside Holman's apartment. The firearm that Holman possessed, and that the government seized, became dislodged from his person and fell to the ground outside Holman's apartment.

The police officers arrested Holman. They had probable cause to arrest Holman for having distributed crack cocaine to Officer Huante. During the search incident to the arrest, they found the one hundred dollar bill on Holman's person. Although Officer Deborst entered Holman's apartment at Holman's request to obtain clothing and identification, none of the evidence at issue was seized from Holman's apartment.

The government proved by a preponderance of the evidence that the crack cocaine was obtained during a consensual undercover purchase by Officer Huante from Holman. Officer Huante used the one hundred dollar bill to pay for the crack cocaine. The firearm was obtained from the breezeway, entirely outside Holman's apartment. The one hundred dollar bill was obtained outside Holman's apartment and from Holman's person, during the search incident to Holman's arrest.

Holman is not entitled to suppression of the crack cocaine, firearm, and one hundred dollar bill obtained and seized on June 3, 2006, and he is not entitled to suppress any statements related to this evidence. Holman's April 27, 2007 motion to suppress the evidence is denied.

June 5, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE