IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:06-CR-370-D |
| VS. | § | |
| | § | |
| SHELVIN LYNN HOLMAN, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

A jury convicted defendant Shelvin Lynn Holman ("Holman") of the offenses of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1); using, carrying, or brandishing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and felon in possession of a firearm, in violation of Title 18 U.S.C. § 921(g)(1). Holman testified during the trial. Because the court finds that he committed perjury during his testimony, the court directs the probation officer to add a two-level increase to the advisory guideline offense level for obstruction of justice, and it enters these tentative findings in support of this determination.

I

U.S.S.G. § 3C1.1 provides that the offense level shall be increased two levels if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the . . . prosecution . . . of the instant offense . . . ." "Though the court may not penalize a defendant for denying his guilt as an exercise of his constitutional rights, a sentence may be enhanced if the defendant commits perjury." *United States v. Como*, 53 F.3d 87, 89 (5th Cir. 1995) (citing *United States v. Laury*, 985 F.2d 1293, 1308 (5th Cir.1993)). Under the Sentencing

Guidelines, the court is required to enhance a sentence upon a proper determination that the accused committed perjury at trial. *United States v. Humphrey*, 7 F.3d 1186, 1191 (5th Cir. 1993) ("If the district court finds that [the defendant] did commit perjury, it must impose a two-level enhancement of his sentence."); *United States v. Butler*, 988 F.2d 537, 544 (5th Cir. 1993).[*]

According to the application notes, this enhancement applies to "committing, suborning, or attempting to suborn perjury." U.S.S.G. § 3C1.1, comment n. 4(b) (Nov. 1, 2006 Manual). Federal law defines perjury as giving false testimony concerning a material matter with the willful intent to provide false testimony rather than as a result of confusion, mistake, or faulty memory. *See United States v. Dunnigan*, 507 U.S. 87, 94 (1993) (citing 18 U.S.C. § 1621(1)). Nevertheless, "not every accused who testifies at trial and is convicted will incur an enhanced sentence under § 3C1.1 for committing perjury." *Dunnigan*, 507 U.S. at 95. Because there are reasons why a defendant may testify falsely without committing perjury, *see* U.S.S.G. § 3C1.1, comment n. 2 (Nov. 1, 2006 Manual), "if a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition [the Supreme Court has] set out." *Dunnigan*, 507 U.S. at 95. "[I]t is preferable for a district court to address each element of the alleged perjury in a separate and clear finding." *Id.*; *United States v. Como*, 53 F.3d 87, 89 (5th Cir. 1995) (preferred course is to make clear finding on each element of the alleged perjury). "The district court's determination that enhancement is

---

[*]The court recognizes that the Guidelines are advisory. But it must normally calculate the guideline range. *See United States v. Johnson*, 445 F.3d 793, 797 (5th Cir.) ("This duty to 'consider' the Guidelines will ordinarily require the sentencing judge to determine the applicable Guidelines range even though the judge is not required to sentence within that range."), *cert. denied*, ___ U.S. ___, 126 S.Ct. 2884 (2006).

required is sufficient, however, if . . . the court makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury." *Dunnigan*, 507 U.S. at 95.

Factual determinations at sentencing are made according to U.S.S.G. § 6A1.3. "[T]he court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information had sufficient indicia of reliability to support its probable accuracy." *United States v. Bermea*, 30 F.3d 1539, 1576 (5th Cir. 1994). The preponderance of the evidence standard applies to such determinations. *See United States v. Mergerson*, 995 F.2d 1285, 1291 (5th Cir. 1993) (holding that it is well established in this circuit that as a general matter the burden of proof at sentencing is by a preponderance of the evidence).

II

The court enters these tentative findings in support of its determination that Holman committed perjury during her trial testimony.

Using a preponderance of the evidence standard, and based upon the evidence adduced at trial, including defendant Holman's testimony, the court finds that at least the following testimony constituted (1) false testimony by Holman, (2) given under oath at trial, (3) concerning a material matter, (4) that Holman did not believe to be true, and (5) that she gave with the willful intent to provide false testimony rather than as a result of confusion, mistake, or faulty memory. The court finds that Holman gave this testimony willfully to obstruct or impede, or attempt to obstruct or impede, the administration of justice during the prosecution of the instant offense.

The testimony on which the court bases the perjury enhancement is as follows:

(1)     that Holman did not show any kind of pistol at all to Officer Huante;

(2) that after Officer Huante left his apartment, somebody knocked on Holman's door probably two, maybe two and a half hours later;

(3) that when Holman went to the door to answer the door, he did not have a firearm on him;

(4) that Holman had no monies on him and that the money and the gun were in his bedroom;

(5) that Holman did not take the gun outside his apartment;

(6) that when Holman answered the door, he did not have a firearm;

(7) that Holman never asked Officer Huante whether he was "five zero," meaning the police;

(8) that Officer Huante's testimony that Holman was armed with a firearm during the drug transaction is not true; and

(9) that there is no way Officer Huante could have seen Holman with a weapon during the course of the drug transaction.

III

Any objections to these tentative findings must be filed in writing no later than the deadline previously set in the sentencing scheduling order for filing objections to the presentence report.

**SO ORDERED**.

June 13, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE